PROB 12C
(06/17)

October 16, 2020
pacts id: 5327813

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Jesus Castillo (English)        **Dkt No.:** 18CR04143-001-WQH

**Reg. No.:** 78411-298

**Name of Sentencing Judicial Officer:** The Honorable William Q. Hayes, U.S. District Judge

**Original Offense:** 8 U.S.C. § 1324(a)(1)(A)(ii), (v)(II), and (a)(1)(B)(i), Transportation of Certain Aliens for Financial Gain and Aiding and Abetting, a Class C Felony.

**Date of Revocation Sentence:** September 9, 2019

**Sentence:** 3 months' custody; 30 months' supervised release. *(Special Conditions:  Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release        **Date Supervision Commenced:** November 1, 2019

**Asst. U.S. Atty.:**  Brandon J. Kimura        **Defense Counsel:**        Eric S. Fish, Fed. Defs., Inc.
                                                                    (Appointed)
                                                                    619-234-8467

**Prior Violation History:** Yes.  See prior court correspondence.

## PETITIONING THE COURT
## TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following condition(s) of supervision:

## CONDITION(S)                                    ALLEGATION(S) OF NONCOMPLIANCE

**(Mandatory Condition)**
The defendant shall not illegally possess a
controlled substance. The defendant shall
refrain from any unlawful use of a
controlled substance. Submit to one drug
test within 15 days of release from
imprisonment and at least two periodic
drug tests thereafter. Testing requirements
will not exceed submission of more than
four (4) drug tests per month during the
term of supervision, unless otherwise
ordered by the court.

1. On September 11, 2020, Mr. Jesus Castillo used
   controlled substances, as evidenced by the urine
   sample he submitted to the U.S. Probation Office on
   September 11, 2020, which confirmed positive for
   methamphetamine, amphetamines, and marijuana
   metabolite.

2. On October 9, 2020, Mr. Jesus Castillo failed to
   comply with drug testing requirements as instructed
   by the probation officer, in that he failed to submit a
   urine specimen at the U.S. Probation Office, as
   required.

***Grounds for Revocation:***  As to allegation 1, I have received and reviewed written laboratory notification from
Alere Toxicology Services, which verifies the urine specimen provided by the offender on September 11, 2020,
confirmed positive for methamphetamine, amphetamines, and marijuana metabolite. On September 14, 2020,
Mr. Castillo also verbally admitted to the probation officer that he used methamphetamine and marijuana on or
about September 8, 2020.

As to allegation 2, I have received and reviewed the Chain of Custody for Drug Analysis form which confirms
on the above date, Mr. Castillo failed to report for drug testing, as required. On June 23, 2020, the probation
officer reviewed written instructions for drug testing with Mr. Castillo, and he acknowledged receipt of the
instructions with his signature. Specifically, Mr. Castillo was instructed to call the drug testing line after 8:15PM
the day before each drug testing to hear if he has to report daily for testing, and report for testing if instructed in
the automated testing line recording. Testing days are Monday through Friday.

**(Standard Condition)**
The defendant must follow the instructions
of the probation officer related to the
conditions of supervision.

3. Since on or about October 5, 2020, Mr. Jesus Castillo
   failed to report to the Casa Raphael residential drug
   treatment program, as directed.

***Grounds for Revocation:***  As to allegation 3, on September 11, 2020, Mr. Castillo was given a chance to remain
in the community and he was specifically instructed to participate in the Casa Raphael residential drug treatment
program to address his drug relapse from September 8, 2020. This officer confirmed that Mr. Castillo completed
the intake process and was accepted into the Casa Raphael residential drug treatment program. He was placed on
the program's waiting list pending bed availability, anticipated to be on or about October 5, 2020. On September
24, 2020, Mr. Castillo sent a text message to this officer to acknowledge his tentative check-in date to the Casa
Raphael program. It should be noted that Mr. Castillo previously completed this program back on June 5, 2020.

On October 2, 2020, Mr. Castillo left the sober living residence after advising the house manager that he was
going to be checking into the Casa Raphael program. On October 5, 2020, this officer confirmed with the intake

PROB12(C)
Name of Offender: Jesus Castillo                                                                  October 16, 2020
Docket No.: 18CR04143-001-WQH                                                                              Page 3

coordinator at the Casa Raphael program that Mr. Castillo never reported or checked into the program. Subsequent attempts to contact Mr. Castillo have not been successful.

**(Standard Condition)**
The defendant must live in a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

4. Since or about October 3, 2020, Mr. Jesus Castillo failed to report his change of residence to the probation officer.

***Grounds for Revocation:*** As to allegation 4, on June 23, 2020, Mr. Castillo was instructed to report any change of address within 72 hours. Since October 3, 2020, Mr. Castillo voluntarily left the sober living residence where he was residing, and he failed to report his change of residence. On October 5, 2020, the house manager at the sober living residence confirmed that Mr. Castillo told him he would need to leave the house on October 2, 2020, to check in the Casa Raphael program that day. On October 7, 2020, Mr. Castillo's mother reported that the offender dropped off his personal belongings at her residence in El Centro, California, on October 3, 2020; however, he left her residence that day and since then, she has not seen him. She has attempted to contact Mr. Castillo repeatedly, but he has not returned her phone calls. Ms. Castillo believes the offender is highly likely residing in Mexico.

**(Standard Condition)**
The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

5. On or about September 10, 2020, Mr. Jesus Castillo traveled to Mexico without permission.

***Grounds for Revocation:*** As to allegation 5, on September 11, 2020, Mr. Castillo verbally admitted he had traveled to Mexico on September 10, 2020, without this officer's permission. He reported he traveled to Mexico to confront approximately seven Mexican gang members who had threatened his common-law spouse and stepson at their residence. Instead of contacting the local police, Mr. Castillo reported that he and his friends (who reside in Mexico) took matters into their own hands and confronted the gang members by having a physical altercation with them. He reported that the situation has now been resolved but declined to elaborate further. This officer admonished Mr. Castillo that his actions were reckless, and it could have escalated to a situation where he and his family could have ended up harm or killed.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Castillo's initial supervision term commenced on March 27, 2019, and only on a few weeks later, he failed to report for drug testing, and two months later, he relapsed and tested positive for methamphetamine. He was allowed to remain in the community to address his relapse in an outpatient drug treatment program. However less than one month later, Mr. Castillo again, failed to report for drug testing, tested positive for methamphetamine, and failed to attend sessions at the outpatient drug treatment program. He also failed to report his change of residence and failed to report to the probation officer which resulted in his supervision being revoked on September 9, 2019. On that day, he was sentenced to three months' custody, followed by 30 months supervised release. He was also ordered to participate in a residential drug treatment program and not to travel to Mexico without permission.

Mr. Castillo's second term of supervision commenced on November 1, 2019. He transitioned from custody to the Residential Re-entry Center (non-punitive) pending acceptance into the Casa Raphael residential drug treatment program. On December 9, 2019, he was accepted into the program and successfully completed treatment on June 5, 2020. He then transitioned to a sober living residence in Vista, California. Unfortunately, Mr. Castillo was not able to abstain from drug use, and only about three months later, he relapsed on methamphetamine and marijuana, as alleged in this petition. Instead of initiating violation proceedings back on September 11, 2020, this officer gave him an opportunity to address his drug problem and allowed him to return to the Casa Raphael residential drug treatment. However, Mr. Castillo failed to report to the program and stopped reporting to this officer. He has absconded from supervision.

It should be noted that on September 10, 2020, Mr. Castillo traveled to Mexico without permission and while returning from Mexico that day, Mr. Castillo fell asleep while driving and his vehicle hit a pole; that pole then fell and hit another vehicle in a nearby lane. California Highway Patrol (CHP) responded and only a Collision Report No. 9680-2020-02860 was filed. Mr. Castillo was not subjected to a breathalyzer test or the field sobriety tests. While at the accident scene, Mr. Castillo contacted this officer and admitted that he has used methamphetamine and marijuana on or about September 8, 2020, while in Mexico. Furthermore, on October 2, 2020, Mr. Castillo submitted a urine specimen that screened presumptive positive for marijuana metabolite, and confirmation of the substance is awaited.

On October 14, 2020, this officer received information from the San Diego Police Department's Liaison Officer with the Mexican law enforcement authorities, who reported that Mr. Castillo was arrested on October 13, 2020, in Mexicali, Baja California, Mexico, for possession of controlled substance and was detained in jail. The police report has been requested. The Court will be notified of the details once received.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Castillo reported that he has been in a relationship with his common law spouse, of more than 10 years, who resides in Mexicali, Mexico with her four children. Prior to his arrest for the underlying offense, he lived with them. Mr. Castillo reported that he has a daughter from a previous relationship. Mr. Castillo's mother resides in El Centro, CA, and appears to be supportive of him. On October 6, 2020, this officer was contacted by Crystal Rodriguez, who reported she was Mr. Castillo's "girlfriend" of three months, and she too, could not locate him. Mr. Castillo has absconded from supervision, and has likely fled Mexico according to his mother and "girlfriend."

PROB12(C)

Name of Offender: Jesus Castillo

Docket No.: 18CR04143-001-WQH

October 16, 2020

Page 5

Mr. Castillo's extensive drug problem is confirmed by his prior arrests and criminal convictions for drug-related offenses, receiving stolen property, and residential burglary. Mr. Castillo has a history of having his probation terms revoked while being supervised at the state level.

## SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegations (failure to refrain from drug use, failure to report or drug testing, failure to follow probation officer's instruction, failure to report change of address, and traveled outside district without permission) constitute Grade C violations. USSG §7B1.1(a)(3), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category III (determined at the time of sentencing) establishes an **imprisonment range of 5 to 11 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since the "original sentence was the result of a downward departure...an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

### REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of 33 months supervised release, less any term of imprisonment imposed upon revocation. The court has imposed an aggregate of three months' custody in this case. 18 U.S.C. § 3583(b).

### JUSTIFICATION FOR BENCH WARRANT

Mr. Castillo has a long history of using drugs, particularly methamphetamine, and is actively abusing drugs as evidenced by his recent drug use and recent arrest for possession of controlled substance in Mexicali, B.C., Mexico. He is viewed as a risk to himself and others in the community. Mr. Castillo has absconded from supervision leaving no option but to request a bench warrant.

## RECOMMENDATION/JUSTIFICATION

This petition marks the second time violation proceedings have been initiated against Mr. Castillo. Despite being given chances to remain in the community to address his substance abuse through both outpatient and residential drug treatment programs, he continues to struggle with methamphetamine and marijuana use as alleged in this petition. Mr. Castillo has absconded from supervision and has fled to Mexico. On October 13, 2020, he was arrested in Mexicali for possession of controlled substance and is currently incarcerated in a Mexico jail.

Therefore, it is this officer's recommendation that if the allegations are sustained, supervised released be revoked and Mr. Castillo be sentenced to the high end of the guideline range, 11 months custody, with no supervision to follow. He has proven to not be amenable to supervision and our current resources are better utilized for someone who is committed to addressing their drug problems and doing well on supervision.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: October 16, 2020**

Respectfully submitted:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by _____
Mimi Manzano
U.S. Probation Officer
(619) 557-5759

Reviewed and approved:

_____
Ymelda E. Valenzuela
Supervisory U.S. Probation Officer

bmc for mq

PROB12CW

October 16, 2020

## VIOLATION SENTENCING SUMMARY

1. **Defendant:**  Castillo, Jesus

2. **Docket No.** (Year-Sequence-Defendant No.):  18CR04143-001-WQH

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Failure to Refrain from Drug Use | C |
| Failure to Report for Drug Testing | C |
| Failure to Follow Probation Officer's Instruction | C |
| Failure to Report Change of Address | C |
| Traveled Outside District Without Permission | C |
| | |
| | |
| | |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))     [   C   ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))     [   III   ]

6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))     [   5 to 11 months ]

7. **Unsatisfied Conditions of Original Sentence**:  List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution ($) | _____ | Community Confinement | _____ |
| Fine($) | _____ | Home Detention | _____ |
| Other | _____ | Intermittent Confinement | _____ |

## THE COURT ORDERS:

_____ AGREE.  A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_____ DISAGREE.  THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_____

_____

The Honorable William Q. Hayes
U.S. District Judge

Date